**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

In Re: WEI TU REASONOVER, a/k/a
Wei Tu Grandon, a/k/a Wei Tu
Grandon Reasonover; In Re: ROBERT
P. REASONOVER,

*Debtors.*

COUNTRYWIDE HOME LOANS,
Successor in Interest to Federal
National Mortgage Association,

*Defendant-Appellant,*

v.

UNITED STATES OF AMERICA,

*Defendant-Appellee,*

and

DONALD F. KING, Successor in
interest to Robert G. Mayer, trustee,

*Trustee-Appellee,*

and

HARBOR FINANCIAL MORTGAGE
CORPORATION; NEW AMERICAN
FINANCIAL CORPORATION,

*Plaintiffs.*

No. 99-2534

In Re: WEI TU REASONOVER, a/k/a
Wei Tu Grandon, a/k/a Wei Tu
Grandon Reasonover; In Re: ROBERT
P. REASONOVER,

                              *Debtors.*

DONALD F. KING, Successor in
interest to Robert G. Mayer, trustee,
                    *Trustee-Appellant,*

                v.                              No. 99-2620

HARBOR FINANCIAL MORTGAGE
CORPORATION; NEW AMERICAN
FINANCIAL CORPORATION,
                    *Plaintiffs-Appellees,*

                and

UNITED STATES OF AMERICA;
COUNTRYWIDE HOME LOANS,
Successor in Interest to Federal
National Mortgage Association,
                    *Defendants-Appellees.*

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-99-990-A, BK-97-14401-SSM, AP-98-1288, CA-99-989-A,
AP-97-1437, AP-97-1398, AP-97-1395, AP-97-1247, AP-97-1315)

Argued: November 1, 2000

Decided: December 22, 2000

Before LUTTIG and TRAXLER, Circuit Judges, and
Alexander WILLIAMS, United States District Judge
for the District of Maryland, sitting by designation.

Remanded by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** John Turner Donelan, LAW OFFICES OF JOHN T. DONELAN, Alexandria, Virginia, for Appellant. Tina Maria McMillan, MCMILLAN & LANG, P.C., Fairfax, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Wei Tu Reasonover, the debtor, believed she had conveyed certain real property to Business Depot, Inc., prior to filing for bankruptcy. By mistake, no deed was recorded for the conveyance, and Reasonover unknowingly retained legal title to the property. The trustee of Reasonover's bankruptcy estate filed this action to avoid the claim to equitable title asserted by Countrywide Home Loans, Inc., the successor-in-interest to the purchaser of the property from Business Depot. The bankruptcy and district courts held that 11 U.S.C. § 544(a)(3) allows the trustee to avoid Countrywide's claim to equitable title, subject to a $31,500 security interest in the property in favor of Countrywide.

This court heard oral argument in the case on November 1, 2000. The case was briefed and argued primarily on the question of whether 11 U.S.C. § 544(a)(3) allows the trustee to avoid Countrywide's equitable claim to property in which Reasonover holds legal title. Thereafter, the parties were requested to brief, in letter form, the question of "whether 11 U.S.C. § 550(b) has any implications for the resolution of this case, and if so, the precise nature of its implications."

Under certain circumstances, section 550(b) limits the trustee's right to recover property or its value from subsequent transferees of the initial transferee of the debtor.* The effect of section 550(b) on this case was apparently not briefed or considered in the courts below. Because this section may bar the trustee from recovering from Countrywide — even if section 544(a)(3) allows the trustee to avoid Countrywide's equitable claim to the property — we remand to the district court for full consideration of section 550(b) and its effect, if any, on this case.

*REMANDED*

---

*Section 550 provides in relevant part that:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from —

> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

> (2) any immediate or mediate transferee of such initial transferee.

(b) The trustee may not recover under section (a)(2) of this section from—

> (1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or

> (2) any immediate or mediate good faith transferee of such transferee.

11 U.S.C. § 550.